IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JOSE HUERTA,<br><br>Defendant/Movant. | Cause No. CR 05-138-GF-BMM<br>CV 17-095-GF-BMM<br><br>ORDER |

Before the Court are two motions filed by Defendant Jose Huerta ("Huerta"), a federal prisoner proceeding pro se. Huerta filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on September 11, 2017. (Doc. 248). The Court received from Huerta a letter on September 22, 2017 asking whether he is "eligible for the 2 point deduction" to reduce his 240-month sentence, likely referring to an amendment to the United States Sentencing Guidelines (Doc. 251).

Huerta pleaded guilty to Conspiracy to Possess with the Intent to Distribute and to Distribute Methamphetamine on November 22, 2005. *See* Plea Agreement (Doc. 107) at 2 ¶¶ 1, 4; Judgment (Doc. 158) at 1. At sentencing, Huerta's advisory guideline range was 105-188 months. *See* Presentence Report ¶ 55.

Huerta was previously convicted of a felony drug offense. *See* Information

1

(Docs. 36, 38); Order (Doc. 134); Presentence Report ¶ 33. Consequently, the mandatory minimum sentence was 20 years, or 240 months. *See* 21 U.S.C. § 841(b)(1)(A). The statutory mandatory minimum supersedes the guideline range. *See* U.S.S.G. § 5G1.1(b).

Huerta filed an appeal in which he challenged the documentation of his prior conviction. The Ninth Circuit rejected his challenge on February 23, 2007 and affirmed the sentence. *See* Mem. (Doc. 195) at 2, *United States v. Huerta*, No. 06-30206 (9th Cir. Feb. 23, 2007).

Now, in his § 2255 motion, Huerta claims ineffective assistance of counsel for failure to seek certain downward departures or guideline reductions and for failure to challenge the reasonableness of his sentence. *See, e.g.*, Mot. § 2255 (Doc. 248) at 5, 6, 7, 9; Supp. (Doc. 248-1) at 1-4. He also asserts that he did not appeal because his attorney did not "discuss my appeal rights." Mot. § 2255 at 5-10. In his letter, he asks whether he is eligible for a sentence reduction in light of an amendment to the Sentencing Guidelines. *See* Letter (Doc. 251) at 1.

Congress has decreed that when a person is convicted of a drug offense defined by 21 U.S.C. § 841(a), meets the criteria of § 841(b)(1)(A)(viii), and has a prior conviction for a felony drug offense, "such person shall be sentenced to a term of imprisonment which may not be less than 20 years." 21 U.S.C. § 841(b)(1)(A). As such, the alleged failures of Huerta's counsel could not have

resulted in a reduced sentence. At the time of sentencing, the Court was required to impose a sentence of at least 240 months. No lesser sentence now can be imposed.

Further, despite alleged failure on the part of counsel to advise adequately of his right to appeal, Huerta did pursue an appeal. He has not identified any claim on which an appeal might have succeeded. The record indicates none. *See, e.g., Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

Huerta has not made a substantial showing that he was deprived of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), because all of his claims are overridden by the statutory mandatory minimum sentence. A certificate of appealability is not warranted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Huerta's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 248, 248-1) is **DENIED**;

2. A certificate of appealability is **DENIED**. The Clerk of Court shall immediately process the appeal if Huerta files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-95-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Huerta.

4. Huerta's letter, construed as a motion to reduce the sentence (Doc. 251), is **DENIED** because Huerta is not eligible for a reduction.

DATED this 28th day of September, 2017.

_____
Brian Morris
United States District Court Judge