IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 05-138-GF-BMM |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JOSE HUERTA, | |
| Defendant. | |

**INTRODUCTION**

Defendant Jose Huerta requests that this Court reduce his sentence pursuant to 18 U.S.C. 3582(c), Amendments 782 and 788 to the United States Sentencing Guidelines, and the First Step Act of 2018, Pub. L. No. 115-291, 132 Stat. 5194, 5221 (Dec. 21, 2018). (Doc. 253.) Huerta bases his motion on two events: (1) California's passage of Proposition 47 ("Prop 47"), which could retroactively reclassify Huerta's prior drug offense from a felony to a misdemeanor and (2) the two-level reduction in the base offense level for his offense of conviction. *Id.* at 1.

The Government filed its initial response on March 18, 2019. (Doc. 255.) The Government highlights that Huerta was convicted on conspiracy to possess with intent to distribute and distribute methamphetamine, not crack cocaine. (Doc. 255 at 2.) The Government contends that as a result the retroactive provision of the

Act fails to apply to Huerta's conviction. *Id*. The Government neglected to respond, however, to Huerta's argument that he stands entitled to a reduced sentence based on Amendments 782 and 788 to the Sentencing Guidelines.

The Court issued an order that denied in part and held in abeyance in part Huerta's Motion for Reduction of Sentence on March 19, 2019. (Doc. 256.) The Court determined that it remained precluded from reducing Huerta's sentence pursuant to the First Step Act of 2018 as the Court had sentenced Huerta before December 21, 2018. *Id*. at 10-11. The Court ordered the Government to file a response to Huerta's Motion for Reduced Sentence on the issue of whether Huerta proves entitled to a reduced sentence based on Amendments 782 and 788 to the Sentencing Guidelines within 14 days of the filing of its March 19, 2019 order. *Id*. at 12.

The Government timely filed the requested response on April 1, 2019. (Doc. 257.) Huerta filed a supplemental brief in support of his Motion for Reduction of Sentence on April 4, 2019. (Doc. 258.)

**BACKGROUND**

The Grand Jury indicted Huerta on October 5, 2005, on the following four counts: Conspiracy to Possess with Intent to Distribute Methamphetamine (Count I); Distribution of Over 50 Grams of Methamphetamine (Count II); Possession with Intent to Distribute Over 500 Grams of Methamphetamine (Count III); and

Maintaining Drug Involved Premises (Count IV). (Doc. 22.) Huerta pleaded guilty to Count I of the Indictment pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B) on November 30, 2005. (Docs. 106, 120.)

The Government filed a 21 U.S.C. § 851(b) Information ("851 Information") on October 19, 2005. (Doc. 36.) The 851 Information sought to establish that Huerta possessed a prior drug conviction that would subject him to increased penalties pursuant to 21 U.S.C. § 481(b). (Doc. 36.) The Court conducted a hearing on the 851 Information immediately before Huerta's sentencing hearing on March 9, 2006. (Doc. 155.) The Court determined that Huerta possessed a prior felony drug conviction. (Doc. 183 at 35.)

The Court stated, at the sentencing hearing, that Huerta had earned a total offense level of twenty-nine and a criminal history category of three. *Id*. at 38. Huerta's corresponding advisory guideline range equaled 108 to 135 months. *Id*. The Court noted, however, that its acceptance of the 851 Information required the Court to impose the statutory mandatory minimum of 20 years as set forth in 21 U.S.C. § 841(b)(1)(A). *Id*. The Court explained that the statute prohibits "imposition of any sentence that is below the statutory minimum of 240 months, notwithstanding the advisory guideline calculation" in this case. *Id*. The Court imposed a sentence of 240 months. (Docs. 155, 158.)

## DISCUSSION

The Government opposes Huerta's motion for two reasons. (Doc. 257 at 2.) First, the Government contends that Huerta's sentence was not "based on" the United States Sentencing Guidelines as the Court sentenced Huerta to a mandatory minimum. *Id.* at 2. Second, the Government claims that "the Court does not have the authority to reduce" Huerta's sentence as the policy statements found in United States Sentencing Guidelines § 1B1.10 prove inapplicable to Huerta's case. *Id.*

The Court "must consult [the Sentencing] Guidelines and take them into account when sentencing" a defendant. *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738 (2005). Section 3582(c) authorizes the Court to modify a defendant's term of imprisonment when the sentence imposed was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782 amended United States Sentencing Guidelines § 2D1.1 and § 2D1.11 effective November 1, 2014. Amendment 782 "reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in § 2D1.1, and made parallel changes to § 2D1.11." Amendment 788 to the Sentencing Guidelines made Amendment 782's application retroactive. U.S.S.G. § 1B1.10.

**A.** Hughes v. United States

The Supreme Court in *Hughes v. United States*, __ U.S. __, 138 S. Ct. 1765, 1773 (2018), addressed a § 3582(c) motion filed after the district court had sentenced the defendant pursuant to a Type-C agreement. The Government and the defendant "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply" in a Type-C agreement. *Hughes*, 138 S. Ct. at 1773 (citing Fed. R. Crim. P. 11(c)(1)(C)).

The Court "must consider the Sentencing Guidelines" when deciding whether to accept a Type-C agreement that includes a specific sentence. *Hughes*, 138 S. Ct. at 1173. The Court "may not accept the agreement unless the court is satisfied that '(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity.'" *Id.* (quoting U.S.S.G. § 6B1.2(c)).

The parties agreed in *Hughes* that Hughes would receive a custodial sentence of 180 months. *Id.* at 1774. Hughes's calculated guideline range was 188 to 235 months. *Id.* The sentencing court accepted the Type-C agreement at Hughes's sentencing hearing. *Id.* The sentencing court reasoned that the 180-month sentence mandated by the Type-C agreement proved reasonable as the

5

sentence was "compatible with the advisory United States Sentencing Guidelines" and was "in accordance with the mandatory matters" that the sentencing court was required "to consider in ultimately determining a sentence." *Id.*

Hughes moved the district court pursuant to § 3582(c) to reduce his sentence. *Id*. The retroactive application of Amendment 782 to the Sentencing Guidelines altered Hughes's guidelines from a range of 188 to 235 months to range of 151 to 188 months. *Id.* The district court denied Hughes's motion as the district court determined that it had imposed Hughes's sentence pursuant to the Type-C agreement and the sentence had not been based on any Guideline range. *Id.*

The Supreme Court disagreed. Hughes was eligible for relief pursuant to § 3582(c) as the sentencing court had concluded that a 180-month sentence comported with the Sentencing Guidelines before the court accepted Hughes's Type-C agreement. *Id.* at 1778. The Supreme Court focused its analysis on whether Hughes's sentence had been "based on" his Guidelines range.

The Supreme Court explained that a sentence is "based on" a Guidelines range "if the range was a basis for the court's exercise of discretion in imposing a sentence." *Id.* at 1775. The Supreme Court noted generally that a sentence imposed in compliance with the sentencing court's acceptance of a Type-C agreement is "'based on' the defendant's Guidelines range." *Id.* at 1776. The Sentencing Guidelines require the sentencing court to evaluate a defendant's recommended

guideline sentence before the sentencing court may accept Type-C agreements. *Id.* The Supreme Court concluded "that a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.* at 1776.

Huerta's sentence did not involve a Type-C agreement. Huerta pleaded guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine pursuant to a Federal Rules of Criminal Procedure 11(c)(1)(A) and (B) plea agreement. (Docs 106, 120.) As a result, the Supreme Court's decision in *Hughes* proves inapposite to Huerta's case.

**B.** Koons v. United States

The Supreme Court issued its decision in *Koons v. United States*, __ U.S. __, 138 S. Ct. 1783 (2018), on the same day *Hughes*. *Koons* likewise involved a motion for sentence reduction pursuant to § 3582(c)(2). The Supreme Court determined in *Koons*, however, that the five defendants remained ineligible for sentence reductions under § 3582(c)(2). 138 S. Ct. at 1788.

The district court in *Koons* had calculated each defendants' advisory Guidelines range at sentencing. 138 S. Ct. at 1787. The defendants each faced a statutory mandatory minimum sentence. *Koons*, 138 S. Ct. at 1787. The "top end of the [defendants'] Guidelines range fell below the applicable mandatory minimum

7

sentence." *Id.* The district court discarded the Guideline ranges, pursuant to U.S.S.G. § 5G1.1(b), because the district court determined that the applicable mandatory minimum sentence superseded the advisory ranges. *Id.*

The district court, upon the Government's motion under 18 U.S.C. § 3553(e), ultimately imposed a sentence below the mandatory minimum to reflect the defendants' substantial assistance. *Id*. at 1787-88. The district court in imposing the sentence considered only the § 5K1.1(a) substantial assistance factors. The district court had not considered the Guideline ranges that it previously had discarded. *Id.* at 1787.

The defendants sought reductions of their sentences pursuant to § 3582(c). The district court concluded that the defendants had failed to establish that their sentences had been "based on" the now amended drug Guidelines. *Id.* at 1788. The Supreme Court agreed. The Supreme Court reasoned that "when the ranges play no relevant part in the judge's determination of the defendant's ultimate sentence [then] the resulting sentence is not 'based on' a Guidelines range." *Id*. The Court further explained that the "role the range played in the initial calculation" proves insignificant. *Id.* at 1789. What proves significant, however, "is the role that the Guidelines range played in the selection of the sentence eventually imposed." *Id.* The Supreme Court determined that defendants' sentences "were 'based on' their mandatory minimums and on their substantial assistance to the Government," and

8

were not "based on" the defendants' Guideline ranges. *Id.* at 1788.

The Supreme Court's decision in *Koons* proves similar to Huerta's sentence. The Court, like the district court in *Koons*, initially calculated Huerta's applicable guideline range. (Doc. 183 at 38.) The Court then explained that its previous determination on the 851 Information limited the Court's role as the 851 Information prohibited the Court from imposing any sentence that fell below the statutory mandatory minimum of 240 months. *Id.* The Court in turn discarded the guideline range of 108 to 135 months. *Id.* at 38, 40-42. The Court then sentenced Huerta to the statutory mandatory minimum of 240 months. (Docs. 38 at 42, 155, 158.) Huerta's guideline range "play[ed] no relevant part" in the Court's "selection of the sentence eventually imposed." *Koons*, 138 S. Ct. at 1788, 1789. Rather, Huerta's sentence was "based on" the applicable statutory mandatory minimum. *See Koons*, 138 S. Ct. at 1788; 18 U.S.C. § 3582(c)(2).

**C.** United States Sentencing Guidelines Policy Statements

The Court, upon motion of the defendant, "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the Court sentenced the defendant to "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §

3582(c)(2). The Court's determination that Huerta's sentence was not "based on" a sentencing guidelines range negates the need for the Court to address the Government's argument that reduction of Huerta's sentence would be inconsistent with certain policy statements in United States Sentencing Guidelines § 1B1.10.

Accordingly, IT IS ORDERED that Huerta's Motion for Reduced Sentence (Doc. 253) is DENIED.

DATED this 23rd day of April, 2019.

Brian Morris
United States District Court Judge